## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

 v.

Dennis Wayne West

September 2, 1992

Case No. (Criminal) CR89–478R

BY JUDGE JAMES H. CHAMBLIN

On August 26, 1992, this judge heard evidence and argument of counsel as to the Motion for Bail ("the Motion") filed by the Defendant on July 27, 1992. By agreement of counsel I have viewed the videotape of the hearing in this case before Judge Kenneth E. Trabue on August 21, 1991, on a motion for bail in the Circuit Court of the City of Roanoke held by agreement in the Circuit Court of the County of Roanoke wherein under a pilot program the videotape is the official record; and, further, I have read the transcripts of the trial that commenced on May 15, 1989, the hearing on a motion for bail in the Circuit Court of the City of Roanoke before Judge Clifford R. Weckstein on October 18, 1991, and Judge Weckstein's opinion from the bench on the motion for bail on November 4, 1991.

For the reasons hereinafter set forth, the Motion is denied.

In order to rule on the Motion, I have considered not only the evidence and argument presented before me on August 26, 1992, and the aforesaid videotape and transcripts, but also matters of record in the court file as referred to hereinafter. The basis of my ruling is the procedural posture of the case. Therefore, the course of prior proceedings herein needs to be addressed.

### Prior Proceedings

On May 25, 1989, a jury in the Circuit Court of the City of Roanoke found Mr. West guilty of second degree murder and fixed his punishment at twenty years in the penitentiary. Mr. West had been at liberty on bond through the trial, but upon the jury verdict his

bond was revoked and he was remanded into custody. Judge Trabue presided over the trial, and on June 29, 1989, he sentenced Mr. West in accordance with the verdict. Mr. West appealed, and on July 1, 1991, the Court of Appeals reversed his conviction and remanded the case to the trial court for a new trial.

After sentencing, Mr. West had been transferred to the Department of Corrections. After his conviction was reversed, he was returned to the Roanoke County Jail. He filed a motion for bail pending the new trial. Judge Trabue heard the motion on August 21, 1991. At the hearing, Mr. West offered evidence. Judge Trabue denied the motion. Mr. West did not appeal this decision.

The case was then transferred to Judge Weckstein, another judge of the Circuit Court of the City of Roanoke. Mr. West filed another motion for bail. Judge Weckstein heard evidence on the motion and argument of counsel on October 18, 1991. On November 4, 1991, Judge Weckstein refused to reconsider Judge Trabue's ruling finding that the only change in the Defendant's circumstances between August 21, 1991, and October 18, 1991, was the change in presiding judge. He held that Mr. West's remedy was an appeal of Judge Trabue's ruling and not a new hearing before a different judge. Judge Weckstein's decision was embodied in an order entered November 4, 1991.

Mr. West noted an appeal of the order "entered November 4, 1991, denying the defendant bail pending trial." In a short memorandum opinion dated January 15, 1992, a panel of the Court of Appeals stated in part:

> West appeals from the trial court's denial of bail pending his retrial.
>
> Because the trial judge had probable cause to believe that West's liberty would constitute an unreasonable danger to the public pursuant to Code § 19.2–120, we find no abuse of discretion and affirm the denial of bail.

Mr. West's petition for a rehearing *en banc* was denied by the Court of Appeals on February 19, 1992.

On March 30, 1992, Judge Weckstein granted the motion of Mr. West for a change of venue and transferred the case to this Court.

On July 27, 1992, Mr. West filed the Motion and it was set for hearing on August 26, 1992.

*Hearing on August 26, 1992*

On August 26, 1992, the Court heard the testimony of Mr. West.

He offered no other evidence. The Commonwealth offered no evidence. The Commonwealth opposed this judge's considering the Motion for the same reasons that Judge Weckstein denied reconsideration of pretrial bail. After argument of counsel, the Motion was taken under advisement to allow me time to view the aforesaid videotape and read the aforesaid transcripts.

## Legal Conclusions

After his conviction was reversed, Mr. West requested and was given the opportunity to present evidence and argument in support of a motion for bail pending retrial of this case. This was done before Judge Trabue on August 21, 1991. He denied bail for the reasons stated on the record. Although I express no opinion on how the issue got before the Court of Appeals, it did affirm Judge Trabue's decision to deny bail.

A criminal defendant is certainly entitled to have his application for bail heard by the appropriate court, but he is not entitled to have it heard by every judge of that court. He cannot "shop" for a judge until he gets one who will grant him bail or the bail he wants. I am of the opinion that a criminal defendant is not entitled to have the issue of bail revisited when another judge is assigned to his case even if venue is changed and the case is transferred to another court and judge. However, he is entitled to request bail if circumstances have changed since the decision denying bail and such circumstances are sufficient in the discretion of the court to admit the defendant to bail.

The only circumstances which have changed since Judge Trabue's denial of bail on August 21, 1991, are the change of venue, a different trial judge and the inevitable passage of time. All the witnesses who testified on October 18, 1991, before Judge Weckstein were available to have testified before Judge Trabue on August 21, 1991, and they would have testified to the same things on August 21, 1991, as they did on October 18, 1991. Mr. West's testimony on August 26, 1992, contained nothing to indicate anything had changed since August 21, 1991. In essence, Mr. West wants this judge to consider all the evidence and decide if he is entitled to bail.

The issue of bail pending retrial has been decided by Judge Trabue and affirmed on appeal. Nothing new has been offered by Mr. West. He cannot have this judge reconsider Judge Trabue's decision. Upon the denial of bail, Mr. West's recourse was an appeal to the Court of Appeals under § 19.2–124. Although Mr. West did not appeal Judge

Trabue's decision, he did get the issue before the Court of Appeals by the appeal of Judge Weckstein's decision. Judge Trabue's decision was affirmed.

There is no need for me to reach the merits of Mr. West's request for bail because I find that he is procedurally barred from pursuing the Motion which is, in effect, a request to reconsider the denial of bail on August 21, 1991.